STATE, CHARLES A. FORBES ET AL., PROSECUTORS, v. JOHN MANNING, COLLECTOR, &c.

STATE, ISAAC S. HARNED ET AL., PROSECUTORS, v. JOHN MANNING, COLLECTOR, &c.

STATE, LOUISA M. AUSTIN ET AL., PROSECUTORS, v. JOHN MANNING, COLLECTOR, &c.

STATE, JACOB ECKERT ET AL., PROSECUTORS, v. JOHN MANNING, COLLECTOR, &c.

STATE, JAMES WAITE ET AL., PROSECUTORS, v. JOHN MANNING, COLLECTOR, &c.

The act of March 26th, 1852, entitled "An act regulating the proceedings of courts in cases of erroneous taxation," (*Rev., p.* 1172,) is not repealed by the thirty-second section of the general tax law approved April 11th, 1866. *Rev., p.* 1160, ¿ 90.

In error to the Supreme Court. For opinion of the Supreme Court, see 12 *Vroom* 275.

For the plaintiffs in error, *William C. Spencer.*

For the defendant in error, *John W. Beekman.*

The opinion of the court was delivered by

THE CHANCELLOR. The only question presented on the argument of these cases was whether the act of 1852, " regulating the proceedings of courts in cases of erroneous taxation," is repealed by the thirty-second section of the tax law of 1866. *Rev., p.* 1160. By the first section of the former act, it is provided that no assessment of taxes shall be set aside on *certiorari* because the various taxes, or any of them, are blended together, or because the aggregate of the assessments exceeds the amount called for by the law or resolution authorizing the tax, or because the rate is higher than is authorized by the law, ordinance or resolution under which

State, Harned, pros., v. Manning.

the tax is laid.   By the second section it is provided that if it shall appear to the satisfaction of the court, on *certiorari*, that the assessment is too high or on too much property, the court shall make the necessary reduction.   The tax law of 1866 provides that the assessor shall, in his duplicate, state distinctly the names of the persons assessed, the number of acres and lots of land and appurtenances assessed to each, the value of the land, the value of the personal estate assessed, the net value assessed, the rate, and the several sums assessed on each person for the various taxes.   The thirty-second section of that act is a repealer.   It does not repeal the act of 1852 in terms, but it repeals certain other acts specifically, and repeals, with certain exceptions, all other acts or parts of acts, whether special, local or otherwise, inconsistent with its provisions. The plaintiff in error insists that the act of 1852 is repealed by this general repealer, because, as he claims, it is inconsistent with the provision of the act of 1866 directing that the assessment shall be made with the particularity before mentioned.   But there is no inconsistency between the acts.   The provision of the act of 1866 under consideration is directory merely.   The assessor is bound by his official oath to observe, to the best of his knowledge and judgment, the directions of the law in making his valuations and assessments, and to make a true return of the assessments when made.   The law imposes on him the obligation of making his duplicate according to the statute.   The act of 1852 provides, substantially, that if he shall fail to discharge his duty in that respect, that fact shall not relieve the person assessed from the payment of the tax, but the court before which the latter brings the assessment for review shall accord to him such relief as he shall show himself entitled to, either as to the amount of taxable property or rate of taxation.   A congruous and effective system is thus created by the two acts together.   The assessing officer is, under the obligations imposed on him by law, to be specific in the details of the assessment; and if he fails to do so, the taxpayer shall not be prejudiced thereby, but may obtain adequate relief on *certiorari.*   The Supreme Court, in

*State, Vermule, pros.*, v. *Saalman, Col.*, 8 *Vroom* 156, and in *State, Trumbull, pros.*, v. *City of Elizabeth*, 10 *Vroom* 249, recognized the act of 1852 as in force and applicable to assessments made under the law of 1866.

The judgment of the Supreme Court should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, MAGIE, PARKER, CLEMENT, DODD, GREEN, LATHROP, WALES. 11.